1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JAMES P. DIWIK (Bar No. 164016)
2  JOEL M. LONG (Bar No. 226061)
   One Embarcadero Center, 16th Floor
3  San Francisco, California 94111-3628
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  Attorneys for Defendant
   NATIONAL AMERICAN INSURANCE COMPANY

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | TURNER CONSTRUCTION            | CASE NO. C 03-01227 SBA |
   | COMPANY,                        |

12 |                                 | **NATIONAL AMERICAN INSURANCE** |
   |          Plaintiff,             | **COMPANY'S MOTION IN LIMINE TO** |
13 |                                 | **EXCLUDE TESTIMONY OF RICHARD** |
   |       v.                        | **DORAIS AND MICHAEL O'BRIEN** |
14 |                                 |
   | NATIONAL AMERICAN INSURANCE     | Trial Date:   September 27, 2004 |
15 | COMPANY,                        |
   |                                 | Judge:        Hon. Saundra Brown Armstrong |
16 |          Defendant.             |

17

18         Defendant National American Insurance Company ("NAICO") respectfully moves *in*

19 *limine* pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure for an order excluding

20 the testimony of Richard Dorais and Michael O'Brien on the grounds that:  (1) these individuals

21 were not disclosed as required by Rules 26(a)(1) and 26(e)(1) of the Federal Rules of Civil

22 Procedure, and (2) these individuals were not produced to testify on Turner Construction

23 Company's ("Turner")  behalf at Turner's Fed. R. Civ. P. 30(b)(6) deposition.  Instead, these

24 individuals were first identified as trial witnesses in Turner's *Supplemental Witness List* filed and

25 served on September 1, 2004 (just 6 days ago).

26              **MEMORANDUM OF POINTS AND AUTHORITIES**

27 **I.      ISSUE PRESENTED**

28         Whether the testimony of Turner proposed witnesses Richard Dorais and Michael O'Brien

1  are properly excluded as the consequence of Turner's blatant violation of this Court's disclosure

2  requirements and otherwise tardy identification of same as percipient witnesses.

3  **II.   RELEVANT PROCEDURAL HISTORY**

4         On July 16, 2003, Turner filed its Initial Disclosures pursuant to Rule 26(a)(1).  Neither

5  Mr. Dorais nor Mr. O'Brien were listed under the heading "Names and Contact Information of

6  Witnesses."  Rule 26(e)(1) requires that a party's initial disclosures be supplemented if they are

7  incomplete or incorrect unless the "additional or corrective information has not otherwise been

8  made known to the other parties during the discovery process or in writing."  Id.  Here, Turner

9  failed to supplement its initial disclosures and provide the identity of Mr. Dorais and Mr. O'Brien

10  not "otherwise disclosed" during discovery until Turner's 30(b)(6) deposition on August 16 and

11  18, 2004—nearly a full month after the close of fact discovery—in which Turner's sole designee

12  testified that Mr. Dorais and Mr. O'Brien may be Turner's persons most knowledgeable regarding

13  certain matters.  Notwithstanding this identification, neither Mr. Dorais nor Mr. O'Brien were

14  produced by Turner as 30(b)(6) designees at Turner's deposition and, accordingly, NAICO was

15  precluded from learning the substance of these persons' testimony and otherwise preparing for

16  trial.

17  **III.   POINTS AND AUTHORITIES**

18         Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

19
20     A party that without substantial justification fails to disclose information required
       by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to
       use as evidence at trial, at a hearing, or on a motion any witness or information not
21     so disclosed.

22  Id.  "Rule 37(c)(1) gives teeth to [the initial disclosure] requirements by forbidding the use at trial

23  of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  Yeti by

24  Molly Ltd. v. Deckers Outdoor Corp., 258 F.3d 1101, 1106 (9th Cir. 2001) (upholding the

25  exclusion of expert witness for failure to comply with discovery deadlines).  The Rule 37(c)(1)

26  exclusionary sanction is "self-executing" and "automatic" in order to "provide a strong
27

28  inducement for disclosure" of discoverable information.  Id. (citing the 1993 Advisory Committee

Notes to Rule 37).  Against this backdrop, improperly and untimely disclosed witnesses are appropriately excluded at trial.  See Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1205 (8th Cir. 2002); Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999); Roger Edwards, LLC v. Fiddes & Son, Ltd., 216 F.R.D. 18, 20-21 (D. Me. 2003).

Turner cannot offer any legitimate excuse for failing to disclose Mr. Dorais and Mr. O'Brien in a timely manner in order to permit NAICO the opportunity to learn the substance of their knowledge and expected testimony.  Furthermore, insofar as these witnesses were disclosed nearly a month after the fact discovery cut-off and identified, but not produced, at Turner's 30(b)(6) deposition, it is manifest that NAICO would be severely prejudiced if these witnesses are permitted to testify at trial.  Given the nature of Turner's litigation tactics in this matter, NAICO believes that the omission of these persons from the witness designation and thus discovery is, minimally, suspicious.

In addition, when a corporate party fails to designate witnesses capable of giving complete, knowledgeable and binding answers on its behalf during its 30(b)(6) deposition, and then attempts to call said witnesses at trial, it is properly precluded from doing so.  See Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 268-69 (2d Cir. 1999).  Here, during Turner's 30(b)(6) deposition, when Mr. Dorais and Mr. O'Brien were identified for the first time, they were described as, at least potentially, Turner's persons most knowledgeable with respect to a host of subjects.  Yet neither witness was produced as part of Turner's 30(b)(6) deposition.  Under these circumstances, neither witness should be permitted to testify at trial on Turner's behalf.

1

**IV.** <u>**CONCLUSION**</u>

2

Based upon the above, NAICO respectfully requests that the Court issue an order

3

precluding Richard Dorais and Michael O'Brien from testifying at trial.

4

DATED:  September 7, 2004          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6

7

By:  <u>s/Joel M. Long</u>

8

James P. Diwik
Joel M. Long

9

Attorneys for Defendant
NATIONAL AMERICAN INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28