Raymond M. Buddie, Esq.    (SBN 121353)
Kenneth L. Mahaffey, Esq.   (SBN 172622)
PECKAR & ABRAMSON, P.C.
250 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone:  (415) 837-1968
Facsimile:   (415) 837-1320

Attorneys for Plaintiff, TURNER CONSTRUCTION COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURNER CONSTRUCTION COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AMERICAN INSURANCE COMPANY, a Nebraska corporation, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.:  CV 03-01227 SBA<br><br>**TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY**<br><br>Judge:  Hon. Saundra B. Armstrong<br>Trial Date:  September 27, 2004 |

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA

34860.01/09/14/04

# TABLE OF CONTENTS

Page (s)

I. INTRODUCTION .................................................................................................. 1

II. EXPERT MICHAEL MURPHY'S TESTIMONY IS CONSISTENT WITH TESTIMONY IN TURNER V. REGENTS ........................................................... 2

    A. NAICO Misleads the Court by Stating June 2000 is Six Months after Construction Started, when in fact, it is Nineteen Months After Construction Started .................................................................................................................. 3

    B. NAICO Erroneously Creates Inaccuracies by Comparing Turner's Prime Contract Schedule to HPI's Subcontractor Schedule Without Distinguishing the Two Different Schedules ........................................................................................ 3

    C. NAICO Erroneously Presents to the Court a Summary Sheet of the Turner Project Schedule out of Context and Without Proper Explanation ....................... 5

    D. NAICO Erroneously Adds Words to Mr. Murphy's Testimony that were Neither a Part of Mr. Murphy's Testimony, nor Consistent with Mr. Murphy's Testimony ................................................................................................................ 6

    E. NAICO Erroneously Presents to the Court that Mr. Murphy has "Flip Flopped" in his Assessment of Changes Causing the Delays ................................................. 7

    F. NAICO Erroneously Misstates Mr. Murphy's Testimony by Claiming the HPI Delay Occurred at the End of the Project, and thus was Caused by Turner .......... 9

    G. NAICO Erroneously Presents in Conclusion a Failure to Distinguish Between Turner's Project Schedule Delay and HPI's Subcontract Schedule Delay ........... 9

    H. NAICO's References to Cases do not Support Its Allegations in this Motion . 10

    I. NAICO's Argument Regarding Pay-if Paid is Irrelevant ................................. 12

III. CONCLUSION ................................................................................................... 13

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TABLE OF CONTENTS / TABLE OF AUTHORITIES TO TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY
C 03-01227 SBA
i

34940.01/09/14/04

# TABLE OF AUTHORITIES

**CASES**                                                                                                                          Page (s)

*American Contractors Indem. Co. v. Saladino*, 9 Cal.Rptr.3d 835, 839-840 (2004) ........... 13

*Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc.*, 124 F.3d 252 (1st Cir. 1997) ........... 11

*Guidroz-Brault v. Missouri Pacific RR Co.*, 254 F.3d 825 (2001), ...................................... 11

*Howard Contracting, Inc. v. G.A. MacDonald Constr. Co.*, 71 Cal.App. 4th 38, 51-52 (1998) ............................................................................................................................... 10

*Leatherby Ins. Co. v. City of Tustin* (1997) 143 Cal.Rptr 153 ............................................... 13

*Mega Construction v. US*, 29 Fed.Cl. 396 .............................................................................. 10

*National Fire Insurance Co. of Hartford v. Fortune Construction Co.*, 320 F.3d 1260, 1272 (11th Cir. 2003) .............................................................................................................. 13

*Pearlman v. Reliance Insurance Company*, 371 U.S. 132, 137-141, 83 s.Ct. 232, 235-237 (1962) ................................................................................................................................... 13

*Richmond Medical Center for Women v. Hicks*, 301 F.Supp 2d, 499 (ED Va. 2004) ......... 12

**FEDERAL STATUTES**

Federal Rules of Evidence section 702 ................................................................................... 2

**SECONDARY AUTHORITY**

*Proving and Pricing Construction Claims*, Copyright 2001, 3rd Edition, Cushman, Robert F., Section 2.06, Page 37 ........................................................................................................ 13

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

TABLE OF CONTENTS / TABLE OF AUTHORITIES TO TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY
C 03-01227 SBA
ii

34940.01/09/14/04

To this Honorable Court, the Defendant National American Insurance Company ("NAICO"), and its Attorneys of Record, Plaintiff, Turner Construction Company ("Turner"), respectfully submits the following Opposition to NAICO's "Motion *in Limine* to Exclude Turner Construction Company's Proposed Expert witness, Michael Murphy" ("Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

NAICO's Motion to exclude Michael Murphy must fail as it is based on a submission through all nine pages of its Motion of erroneous facts and law in an attempt to present Mr. Murphy's testimony as "inherently untrustworthy". In order to make this argument, NAICO ironically submits an untrustworthy presentation of the facts. NAICO's statement that Mr. Murphy is reviewing identical facts and giving contradictory opinions is simply wrong. Mr. Murphy has not made a single contradictory statement in his analysis of HPI's schedule to that of the *Turner v. Regents*[1] overall Project schedule analysis, and the only "contradictions" are created by NAICO in its flawed comparisons of testimony. Mr. Murphy's scope of work for this case was to compare *Handyperson's* ("HPI") Baseline Schedule to its As-Built schedule.[2] Contrary to NAICO's assertions, Mr. Murphy's opinions and testimony will assist the trier of fact in understanding (1) the *extent* that *HPI's schedule* was delayed, and (2) *why HPI's schedule* was delayed. NAICO Motion is a skewed and erroneous version of Mr. Murphy's testimony and should be disregarded by the Court for the following reasons:

    **A.** **NAICO Misleads the Court by Stating June 2000 is Six Months after Construction Started, when in fact, it is Nineteen Months After Construction Started.**

    **B.** **NAICO Erroneously Creates Inaccuracies by Comparing Turner's Prime Contract Schedule to HPI's Subcontractor Schedule Without Distinguishing the Two Different Schedules.**

---

[1] *Turner Construction Company v. Regents of the University of California*, Alameda County Superior Court, Case No. 2002-046543. (*"Turner v. Regents"*)

[2] Michael Murphy Preliminary Expert Report, dated June 23, 2004, Page 1, Section II "Purpose of Opinion". (Exhibit A of Mahaffey Decl.)

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA

1

34860.01/09/14/04

    **C.**    *NAICO Erroneously Presents to the Court a Summary Sheet of the Turner Project Schedule out of Context and Without Proper Explanation.*

    **D.**    *NAICO Erroneously Adds Words to Mr. Murphy's Testimony that were Neither a Part of His Testimony, nor Consistent with His Testimony.*

    **E.**    *NAICO Erroneously Presents to the Court that Mr. Murphy has "Flip Flopped" in his Assessment of Changes Causing the Delays.*

    **F.**    *NAICO Erroneously Misstates Mr. Murphy's Testimony by Claiming the HPI Delay occurred at the End of the Project, and thus was Caused by Turner.*

    **G.**    *NAICO Erroneously Presents in its Conclusion a Failure to Distinguish Between Turner's Project Schedule Delay and HPI's Subcontract Schedule Delay.*

    **H.**    *NAICO's References to Cases do no Support Its Contentions in this Motion.*

    **I.**    *NAICO's Argument Regarding Pay-if Paid is Irrelevant.*

NAICO asserts that Michael Murphy, a previous *Daubert* qualified witness with regard to construction schedule analysis, is a "hired gun", but it fails to present any backup of actual facts, as all assertions contained in NAICO's Motion have not been taken out of context or simply erroneous in nature. Mr. Murphy's significant amount of time analyzing the overall Turner Project Schedule, and the time spent analyzing the HPI schedule, coupled with his years of experience in the industry as an expert, would undoubtedly assist a trier of fact in accordance with FRE 702, in separating out delays to HPI's schedule.[3] NAICO's failure to understand construction schedules and delay results in a muddled presentation of "facts" that are gross misstatements or flawed assumptions in scheduling standards. Turner submits that NAICO either fails to understand proper schedule analysis or is purposefully misleading the Court.

**II.**    <u>EXPERT MICHAEL MURPHY'S TESTIMONY IS CONSISTENT WITH TESTIMONY IN TURNER V. REGENTS</u>

NAICO's Motion is devoid of any factual backup for its assumptions and conclusions, short of 3 small sections lifted out of 5 days of deposition that Mr. Murphy gave in the *Turner v. Regents* matter.[4] These sections deal with summary discussions of the overall Project Schedule and have

---

[3] It is also why Grant Griffanti of Turner, in his deposition, explicitly told NAICO during his deposition that Turner hired an expert. Grant Griffanti Deposition dated August 18, 2004. P247:L10 – 19; P248:L10 – 14; P248:L24 – P249:L04. Exhibit B in Mahaffey Decl.

[4] Michael Murphy was deposed for the *Turner v. Regents* matter on February 24, 2004, March 3, 2004, March 22, 2004, March 23, 2004 and April 29, 2004. (¶10 of Mahaffey Decl.)



TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA

2

34860.01/09/14/04

been taken completely out of context, some of which will be explained in detail below. Moreover, NAICO's Motion is replete with redundant mistakes. Not all are addressed, but illustrated samples of those misleading items in NAICO's assertion of "facts" to the Court in its Motion are addressed herein to demonstrate the Motion's lack of merit.[5]

### A. NAICO Misleads the Court by Stating June 2000 is Six Months after Construction Started, when in fact, it is Nineteen Months After Construction Started.

NAICO's Motion, at Page 2, Line 20-21, provides that "Mr. Murphy's report states that he and his firm were retained by Turner in or around June 2000 (roughly six months after construction on the Project began)...". This is an erroneous and misleading statement regarding the schedule on the overall Project, and HPI's schedule. Notice to Proceed on the Project was issued on October 21, 1998 for commencement of work on Monday, November 2, 1998.[6] The actual fact is that June 2000 is *nineteen* months after commencement, a significant difference from the "six" months NAICO presented to the Court. June 2000 is over a full year and a half into construction, and one year before the Project was originally planned for completion. The fact that NAICO cannot properly assess the start date of the Project, let alone any of the complicated scheduling and delay matters in-between should clearly evidence NAICO's failure to understand this Project and any scheduling related to it, and how NAICO's erroneous statements made throughout its Motion are misleading.

### B. NAICO Erroneously Creates Inaccuracies by Comparing Turner's Prime Contract Schedule to HPI's Subcontractor Schedule Without Distinguishing the Two Different Schedules.

In general, throughout its Motion, NAICO bases its conclusions on a significantly flawed assumption that the Turner Prime Contract Project Schedule is the same as HPI's Subcontract Schedule. To properly perform a delay analysis of HPI's schedule, the schedule must be based on

---

[5] However, the total premise of NAICO's motion is erroneous and based on the same redundant assumption. Therefore, although Turner addresses many of the items for the Court below, additional statements with errors not addressed in this response, as they too are redundant due to NAICO's redundancy of the general false assumptions discussed throughout this Opposition.

[6] See, Exhibit A of Declaration of Grant Griffanti in Support of Turner's Opposition to NAICO's Motion *in limine* to Exclude Schedule Expert Michael Murphy.

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA

3

34860.01/09/14/04



LAW OFFICES
Peckar &
Abramson
A Professional Corporation

1  the Schedule HPI contracted to in *its* Subcontract with Turner, regardless of Turner's contractual
2  schedule with the Owner, as HPI's schedule is based on the Subcontract between HPI and Turner.
3      The Prime Contract Schedule is a tool used to coordinate the various subcontractors, some
4  whose work must be completed before another's can start (i.e. there must be walls in place before
5  electrical conduit or piping can be installed). Therefore, different subcontractors will have different
6  schedules of varying time durations. It is impossible for all subcontractors to have the same
7  durations on the Project, and why various subcontractors will *necessarily* have different schedule
8  requirements from the overall Prime Contract Schedule, as well as other subcontractors on the
9  Project. The Prime Contract Schedule (i.e. Turner's schedule with the Owner) contains schedules
10 for each of the subcontractors (i.e. HPI) performing their individual portions of the work. The
11 duration of each individual subcontractor's schedule is not necessarily the same duration as the
12 Prime Contract Schedule.
13     This is a critical fact that NAICO does not seem to appreciate. For example, if a
14 subcontractor causes delay, it may necessarily delay the follow on work (i.e. if there are no walls, the
15 electrical subcontractor cannot start his work, and will necessarily be delayed). However, the Prime
16 Contract Schedule may recover this delay time caused by the first subcontractor by accelerating the
17 work of the follow on subcontracto. This is exactly what happened on this Project, and so therefore
18 the first delay still causes extra costs – acceleration costs. Stating HPI's schedule and its work
19 should be equivalent to the overall Project Schedule is inherently misleading. Mr. Murphy's
20 schedule analysis in the underlying *Turner v. Regents* case is based on the Prime Contract Schedule
21 Turner agreed to with the Regents, not HPI's subcontract schedule. Turner's causes for delays to its
22 overall Project Schedule are not necessarily HPI's delays, as Turner's overall Project schedule may
23 (and in fact did) contain acceleration by other Subcontractors for delays caused by HPI.
24 Specifically, see Mr. Murphy's deposition in this NAICO matter dated August 6, 2004.[7]
25     The *Turner v. Regents* Prime Contract schedule and its analysis is therefore necessarily based
26 on different schedules than HPI's Subcontract schedule. Mr. Murphy's analysis of HPI's schedule is
27
28

---

[7] P082:L02 – L22. P082:L19: "I'm saying that follow-on contractors after Handypersons' work were on a delayed schedule, and they would be on a delayed schedule because they were following Handypersons' work.", attached hereto as Exhibit C to Mahaffey Decl.

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE
SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA
4

34860.01/09/14/04

based on the HPI/Turner Subcontract specifically incorporating the *Preliminary Contract Schedule*.[8] This is the schedule that HPI agreed to, regardless of whether or not it was identical to Turner's schedule with the Owner. The *Turner v. Regents* schedule analysis is based on three schedules (1) Proposal Schedule which was pre-award to Turner, (2) the UCXX schedule issued in August 1999 after the caused delays, and (3) the As-Built Schedule.[9] Neither the Proposal Schedule nor the UCXX schedule for the *Turner v. Regents* schedule analysis contains the overall dates that HPI agreed to in its Preliminary Contract Schedule, for the same reasons as explained above. Subcontractors had separate schedules from that of the Overall Prime Contract Schedule that encompasses all subcontractors. Furthermore, the Turner UCXX and As-Built schedules contain acceleration efforts from subcontractors *following* HPI's work, thus "making up" time lost by previous subcontractors, such as HPI. The days cited through NAICO's Motion regarding the "375 to 425" are therefore references to Turner's Schedule with the Owner that are based on completely different schedules, and adjusted for acceleration, not what HPI had contracted for with Turner.

C.  **NAICO Erroneously Presents to the Court a Summary Sheet of the Turner Project Schedule out of Context and Without Proper Explanation.**

NAICO's Motion references an actual exhibit from Mr. Murphy's *Turner v. Regents'* deposition without providing the actual context of the Exhibit, nor any factual basis for the Exhibit. In doing so, NAICO misstates and misrepresents to the Court, the meaning of numbers derived in the Exhibit. On Page 8, Line 20 in its Conclusion, as well as Page 3, Line 28, NAICO references another Exhibit from the *Turner v. Regents'* deposition that contains a reference to "48" days. The problem is that NAICO does not provide the context of the "48 days" nor explain the calculation used to derive the "48 days". Once again, NAICO is erroneously comparing a statement about the *Turner Prime Contract Schedule* as a statement regarding *HPI's* Subcontract Schedule. The actual context is that the *Turner v. Regents* Prime Contract Schedule Analysis contains acceleration costs that Turner incurred in efforts to recover lost time due to subcontractors such as HPI, and that costs due

---

[8] Michael Murphy Preliminary Expert Report, dated June 23, 2004, Page 2 and Exhibit 2A of Report, attached hereto as Exhibit A to Mahaffey Decl.
[9] Michael Murphy Deposition on February 24, 2004, attached hereto as Exhibit D to Mahaffey Decl.

to subcontractor delays such as HPI's are costs that would remain the responsibility of HPI, and not the Owner.

For example, the first delay of 87 calendar days attributed to HPI discussed in Mr. Murphy's *HPI* schedule analysis is based on HPI's scope of work involving the removal and salvage of historical materials. Thus, until HPI finishes removing the historical materials from the building, the follow on work to HPI's schedule, such as demolition, cannot start. If the follow on work commences prior to HPI being complete, the follow on work will be impacted by being forced to work around HPI's crews, and/or damage historical material to be salvaged for re-use in the finished building. Therefore, HPI's delays contributed to the delay forcing Turner to perform acceleration, as well as to Turner's overall delay.

Furthermore, the "48 days" referenced in the Exhibit NAICO referenced in its Motion without context or factual backup, contains impact time for change work performed by a variety of Turner's subcontractors. Whether or not those subcontractors, or even HPI, would be *entitled* to recover for the time is based upon *contract* terms, and remains a legal issue. Moreover, the "48 days" is an end result to *Turner's* Prime Contract Schedule based on all subcontractors.

The attempt to put in front of the Court a document, regarding a complicated delay analysis matter, without reference to context or explanation, is simply another example of how NAICO's "untrustworthy" argument lacks merit. Had NAICO explained the document to the Court, it would have also had to explain that these other factors caused by HPI, such as the delay resulting in acceleration by Turner's other subcontractors, and ultimately that it was attempting to confuse the Court comparing HPI's Schedule to Turner's Schedule without differentiating the two.

D.  **NAICO Erroneously Adds Words to Mr. Murphy's Testimony that were Neither a Part of His Testimony, nor Consistent with His Testimony.**

The 259 days "shared responsibility" assessed by Michael Murphy is for the *entire period* of remobilizing to perform scopes of work completing 4th, 3rd, 2nd *and* 1st floors of HPI's work. On Page 5, Line 14 of NAICO's Motion, NAICO adds the statement "(first floor finish)" in the middle of its quote from Mr. Murphy's deposition which is neither Mr. Murphy's opinion, nor is it accurate. In actuality, the "last phase" of HPI's work consisted of finish work throughout the 4th, 3rd, 2nd and

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA
6

34860.01/09/14/04

1st floors (See, footnote 10). This is similar to NAICO's earlier false statement that June 2000 is six months after the start of construction on the Project. By adding testimony to Mr. Murphy's actual testimony, NAICO has erroneously changed and misstated what was actually said. In fact, HPI's schedule was broken into three (3) phases, as described in Michael Murphy's Expert Report.[10] Furthermore, the phases and the delays were addressed a number of times throughout Mr. Murphy's August 6, 2004 deposition. For example, see:

1. P069:L17 - 22;
2. P071:L05 - 20;
3. P072:L05 - 12;
4. P115:L11 - 17;
5. P120:L07 - 24;
6. P131:L12 - 17;
7. P135:L02 - P136:L04;
8. P141:L17 – P143:L20;
9. P177:L22 – P178:L11;
10. P178:L23 – P179:L19;
11. P212:L16 – P214:L04.[11]

Michael Murphy neither stated, nor inferred, that the "last phase" of the work and that the entire 259 day delay was associated *only* with the "first floor finish". NAICO's inclusion of false statements to Mr. Murphy's actual testimony to change Mr. Murphy's testimony in an effort to somehow paint his opinion as unreliable should be seriously questioned.

E.   **NAICO Erroneously Presents to the Court that Mr. Murphy has "Flip Flopped" in his Assessment of Changes Causing the Delays.**

Another erroneous general assumption NAICO made in its assertion of "facts" to the Court throughout its Motion is that the "fact" that Mr. Murphy attributed delay to change work automatically *legally* entitles Turner or a Subcontractor such as HPI to time and additional money. Mr. Murphy has remained consistent in his responses that delays assigned to the change work in the *Turner v. Regents* case are for work performed on the *Turner v. Regents* overall Project critical path, regardless of whether the changes contained waivers. These are waivers similar to the waivers

---

[10] Michael Murphy Preliminary Expert Report, dated June 23, 2004: Page 3, discussed in detail in Pages 6-11; "Last Phase" consisting of 4th, 3rd, 2nd and 1st floors, discussed on Pages 9-10, attached hereto as Exhibit A to Mahaffey Decl.
[11] Attached hereto as Exhibit E to Mahaffey Decl.

signed in HPI's change orders – Turner's Motion *in limine* 3 (Document No. 124) requesting the Court to exclude presentation of damages by NAICO for delays related to changes for which HPI had signed waivers.

A comparison of Mr. Murphy's depositions in *Turner v. Regents* and that of the deposition in this matter show that Mr. Murphy has remained totally consistent in his assessment that an extension in time should have been issued by the Owner for the changes. All of the sections cited from the *Turner v. Regents* depositions by NAICO in its Motion confirm allocation of delay to changes that took place based on fact that the Owner should have issued a time extension. Also see Mr. Murphy's deposition in this matter, dated August 6, 2004, P056:L22 – P057:L08; P239:L13 – P240:L01; P245:L06 – P246:L15,[12] that all repeat a belief that the extension in time *should have been* issued by the Owner. However, as the change in time was not issued, it would be unreasonable for Mr. Murphy to continue to incorporate the changes into his schedule analysis as entitled time if he is fully aware that it had been legally denied. Mr. Murphy has never "flip flopped" in a belief that *the changes caused the* delay. However, the contract terms and change order terms determine if a contractor is actually entitled to an extension in time. If the contractor is not entitled to an extension of time, then the (sub)contractor is responsible for the costs associated with the delay. NAICO blatantly misconstrues the statements, taking them out of context in presenting them to the Court in its Motion.

The only difference in the schedule analysis regarding the delay associated with the changes, is that Mr. Murphy was informed prior to his start on the HPI schedule analysis that the Court in the underlying case in May 2004 determined that the change orders contained legitimate waivers of time related to the changes.[13] Upon receipt of this finding, Mr. Murphy properly incorporated this new information that the Owner was not responsible for the additional time extension due to the Project's overall changes into the HPI schedule analysis. Being conservative, Mr. Murphy granted all of the time that Turner did receive for all of its changes (92 calendar days) as an adjustment to HPI's subcontract schedule, whether or not HPI was actually entitled to time for the changes. Michael

---

[12] Attached hereto as Exhibit F to Mahaffey Decl.
[13] Attached hereto as Exhibit G to Mahaffey Decl.



TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA

8

34860.01/09/14/04

Murphy Deposition, August 6, 2004, P120:L17-L24.[14] There is nothing inconsistent with this approach and, in fact, is entirely proper under the circumstances.

### F. NAICO Erroneously Misstates Mr. Murphy's Testimony by Claiming the HPI Delay Occurred at the End of the Project, and thus was Caused by Turner.

In addition to blatantly misstating Mr. Murphy's actual testimony, NAICO adds another erroneous statement on Page 5, Line 14, in a footnote the same quote discussed in Item D above, claiming Turner is the party performing the HPI work during the entire 259 day delay. The last phase of HPI's scope of work occurred prior to HPI's default, and thus HPI was in fact working during a portion of the delay causing events. To state otherwise in a reference to the net delay (the end result) is a blatant misrepresentation of basic scheduling principals, and again, either NAICO fails to understand scheduling, or is purposefully misleading the Court.

The 259 day delay period is a *net* delay *period* of all the delay that occurred during the scope of work, including delay by HPI prior to default. In fact, Mr. Murphy explicitly walked through the various stages and different delay periods occurring in his deposition in Item D above. In Mr. Murphy's Preliminary Expert Report, starting on Page 9, Section *(d) Impact During HPI's Reinstallation of Historical Material*, he explicitly provides that the 259 is a representation of change in performance, and continues to walk through various impacts that occurred throughout the entire last phase of HPI's work that contributed to the total 259 day change in performance.[15] To present to the Court the flawed assumption that all delay events are occurring in the extended period used to calculate the net delay is additional glaring evidence of either NAICO's failure to understand the basics of scheduling in the construction industry, or its intentional misrepresentation of "facts" to the Court.

### G. NAICO Erroneously Presents in Conclusion a Failure to Distinguish Between Turner's Project Schedule Delay and HPI's Subcontract Schedule Delay

On Page 15, Lines 15-26 in the "Conclusion" NAICO states that Mr. Murphy "consistently testified that there was a delay in the completion of the Project of approximately 479-489 days",

---

[14] Attached hereto as Exhibit H to Mahaffey Decl.
[15] Michael Murphy Preliminary Expert Report, dated June 23, 2004, Pages 9-10. (Exhibit A to Mahaffey Decl.)

NAICO once again erroneously compares the statements made during Michael Murphy's *Turner v. Regents* depositions regarding the Turner Prime Contract Schedule to the statements made to the HPI Subcontract Schedule in this matter without distinguishing the two separate schedules. When in fact, Mr. Murphy has testified that the 489 days was a delay incurred on the HPI Schedule, see Michael Murphy NAICO deposition, dated August 6, 2004:

1. P081:L14 – L17;
2. P120:L07 – L09;
3. P176:L10 – L11;
4. P243:L19 – L21 (Turner Project Schedule).[16]

This is simply yet another example of NAICO's misstatement of facts and its improper comparison of the delay impact to the *Turner* Prime Contract Schedule as interchangeable with the *HPI* Subcontract schedule. The Subcontractor HPI's actual delay exists, *regardless* of Turner's overall Project Schedule. This is because Turner's Prime Contract Schedule will have a shorter delay due to acceleration efforts by follow-on subcontractors for delays caused by HPI. This is why in order to determine if NAICO is even *entitled* to claimed delay, it must first prove that the delay to HPI's schedule is the responsibility of others, i.e. the causes laid out in Article V of the Subcontract[17], which to-date, has not been provided by HPI or NAICO.[18]

**H.   NAICO's References to Cases do not Support its Contentions in this Motion.**

The cases to which NAICO cites fail to support the contentions presented in the motion. Furthermore, it should also be noted that NAICO failed to cite a single case from this jurisdiction.

---

[16] Attached hereto as Exhibit I Mahaffey Decl.).
[17] See Exhibit A, attached to Declaration of Grant Griffanti, ¶2, dated September 3, 2004, offered in support of Turner's Reply to NAICO's Supplemental Opposition to Turner's Motion for Summary Adjudication. (Hereinafter "Decl. of Griffanti, dated Sept 3, 2004, to Turner's Reply.")
[18] HPI nor NAICO have established delay to HPIs critical path of the schedule, nor the causes of any claimed delay. *Mega Construction v. US*, 29 Fed.Cl. 396, 39 Cont.Cas.Fed. (CCH) P 76,564 (Fed.Cl., Aug 27, 1993) discussed that contractor must disentangle itself from delays allegedly caused by other parties, but must also affect activities on the critical path. *Howard Contracting, Inc. v. G.A. MacDonald Constr. Co.*, 71 Cal.App. 4th 38, 51-52 (1998) criticized *Mega Construction* only in requiring a specific method to prove critical path delay, and did not dispute that proof of critical path delay was required (The *Howard* court allowed the Bar Chart method used because it demonstrated critical path delay, whereas Mega Construction required a Critical Path Method schedule to prove critical path). To-date, HPI nor NAICO have presented any evidence that the Owner or Turner caused delays prior to default were what effected its critical path, and, were not the fault of HPI. In fact, Turner's analysis of HPI's schedule tends to show that HPI's delays are not the responsibility of other parties, and to-date, NAICO has failed to present evidence to the contrary. NAICO is now attempting to claim as an offset a cost that entitlement has yet to be actually established in direct conflict with Subcontract.



Regardless, the cases cited are easily distinguishable. For instance, in *Guidroz-Brault v. Missouri Pacific RR Co.*, 254 F.3d 825 (2001), the court found that the trial court had abused its discretion by excluding the expert's testimony on procedure and standards of care. However the experts' ultimate conclusions as to a fact were properly excluded because it was based on assumptions that had no support in the actual evidence (*Id* at 830-831), and thus were not sufficiently founded on facts. Here, Mr. Murphy, in his expert report, has cited to numerous documents used to establish facts regarding HPI's subcontract schedule, such as HPI's own daily reports, Turner's daily reports, and the HPI/Turner Subcontract, in general providing significant backup.[19] Mr. Murphy has not provided a conclusion as to a fact but instead referenced actual facts in the record, unlike the experts in *Guidroz-Brault*.

NAICO then cites to a First Circuit Court case and claims Mr. Murphy's testimony is of a "moving target" nature. NAICO's belief that Mr. Murphy's testimony is a "moving target" is best explained by NAICO's obvious lack of understanding scheduling principals, and its attempt to compare a Prime Contract schedule directly to the individual Subcontractor schedule, such as the number of days delayed, or not even being able to cite when the Project actually started. In *Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc.*, 124 F.3d 252 (1st Cir. 1997) the expert in question admitted to failing to consider known facts, failed to question validity of numbers, compiled data from unspecified documents, and included data that was inconsistent with the norm in the industry. (*Id* at 259-260). Here, Michael Murphy specifically listed the documents used to compile his analysis, and describes throughout his report *how* he performed his analysis.[20] NAICO has not questioned either of these elements of Mr. Murphy's testimony. NAICO only points to statements that Mr. Murphy made about the *Turner v. Regents* Prime Contract Schedule that includes all

---

[19] Michael Murphy Preliminary Expert Report, dated June 23, 2004. For example, on page 2, in Section V(A)(1) of the Report, prior to discussing the Baseline Schedule, Mr. Murphy cites documents used to determine dates. On page 3 in Section V(A)(2), prior to discussing Actual (Schedule), Mr. Murphy cites the documents used to compile the Actual Schedule, as well as the process. This same reference to the exact documents used for each element is done throughout the entire report. Attached hereto as Exhibit A to Mahaffey Decl.

[20] Michael Murphy Preliminary Expert Report, dated June 23, 2004. Section III on Pages 1-2. See also, in general, each section of the Expert Report starts with sentences describing what documents were used for the individual piece of the analysis., i.e. Page 4 SectionV(A)(2)(b) – Isolation of Employees, first two paragraphs. This is a sample, and the same method of describing documents and comparison is throughout the entire report. Attached hereto as Exhibit A to Mahaffey Decl.

subcontractors and scopes of work, and because the days are not the same as the woodworking subcontractor's (HPI) schedule, he must be testifying to a "moving target". Again, NAICO fails to understand basic scheduling principals, and is misleading the Court.

In *Richmond Medical Center for Women v. Hicks*, 301 F.Supp 2d, 499 (ED Va. 2004), the expert offered opinion on which he had no relevant experience, nor was there industry support for the expert's opinion (*Id* at 509). Here, in addition to Mr. Murphy's experience on the Project itself over the past four (4) years performing analysis on the Turner Prime Contract Project Schedule, Mr. Murphy is a scheduling expert with nearly twenty years experience in the industry, and has been qualified as a scheduling expert after a *Daubert* Review in Federal Court previously in *Roger B. Phillips, Inc. v. Reynolds Lodges,* LLC (Middle District of Georgia Athens Division, Case Number 3:03-CV-15 (CDL)), as well as the years of experience, including the number of times he has given expert testimony in other cases in California state related matters. See Mr. Murphy's Resume attached.[21] NAICO's descriptions of conflicting testimony, are either the result of a failure to understand scheduling principals, or a direct attempt to mislead the Court.

I. **NAICO's Argument Regarding Pay-if-Paid is Irrelevant.**

As a last ditch effort, after presenting the Court numerous false statements and conclusions regarding scheduling, NAICO erroneously moves into a pay-if-paid argument that is not even applicable. First, as explained in detail above, Mr. Murphy has not "flip flopped" or provided contradictory information, as alleged by NAICO. Second, NAICO's claim of entitlement to HPI's rights and remedies is based on the doctrine of equitable subrogation, and as discussed in detail in Turner Motion *in limine* 2 (Document No. 122), because NAICO failed to perform, NAICO cannot subrogate to the rights and remedies of HPI. NAICO failed to fulfill its obligations under the performance bond between NAICO and HPI by failing to perform any of the three express options required upon default of the principal. Therefore, as a matter of law, NAICO has not earned the right to stand in the shoes of HPI with respect to any of HPI's affirmative rights and defenses.

---

[21] Michael Murphy Preliminary Expert Report, dated June 23, 2004, Exhibit 1A. Attached hereto as Exhibit A to Mahaffey Decl.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA
12

34860.01/09/14/04

*National Fire Insurance Co. of Hartford v. Fortune Construction Co.*, 320 F.3d 1260, 1272 (11th Cir. 2003). *Pearlman v. Reliance Insurance Company*, 371 U.S. 132, 137-141. *Leatherby Ins. Co. v. City of Tustin* (1977) 143 Cal.Rptr 153. *American Contractors Indem. Co. v. Saladino*, 9 Cal.Rptr.3d 835, 839-840 (2004).

Third, NAICO's argument of pay-if-paid assumes that a Subcontractor is automatically entitled to the same delay causing events as all other subcontractors and the General Contractor, without providing proof to entitlement.[22] This is based on one of the more significant erroneous assumptions NAICO makes without providing any facts, law or industry standards. NAICO fails to distinguish HPI's subcontract schedule for a particular portion of the Project work (woodworking) from that of Turner's Prime Contract Schedule. In that, Turner's Prime Contract Schedule:

> (1) contained all subcontractors;
>
> (2) reflects different schedules agreed to by those various subcontractors and the overall schedule with the Owner;
>
> (3) reflects different change orders (for other subcontractors having nothing to do with HPI); and
>
> (4) reflects acceleration efforts by follow-on subcontractors for delayed work by those predecessors such as HPI.

To-date, NAICO has failed to present any evidence as to how HPI's schedule was directly impacted on *its* critical path due to delay events that would give rise to entitlement for costs.

## III. CONCLUSION

NAICO's statement that Mr. Murphy is reviewing identical facts and giving contradictory opinions is simply wrong, and based upon an erroneous assessment of the facts. As such, NAICO has deliberately mislead the Court in its presentation of "facts" and conclusions regarding the schedules and basic testimony on this Project. Mr. Murphy has remained consistent in his assessment of HPI's individual schedule with that of his analysis on the overall Project Schedule

---

[22] i.e. "The general rule is that the contractor cannot recover for delays caused by the [other party] *if the contractor would have been delayed in any event* by causes within its control." (emphasis added). *Proving and Pricing Construction Claims*, Copyright 2001, 3rd Edition, Cushman, Robert F., Section 2.06, Page 37.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA
13
34860.01/09/14/04

analyzed in the *Turner v. Regents* matter. The fact that HPI's Subcontract Schedule does not necessarily reflect the exact same delay or events as Turner's overall Project Schedule that encompasses the work of many other subcontractors does not evidence a conflict in testimony. Furthermore, as evidenced by NAICO's own failure to understand scheduling by its erroneous presentations of facts to the Court, particularly in that it was over a year and half off on the start of work on this Project, highlights the use of an expert to assist the Court in attributing delay to various parties.

      If NAICO believes that Mr. Murphy's testimony is unreliable or untrustworthy, it is entitled to rebut his opinions at trial. Simply excluding his testimony based on clearly erroneous arguments and assumptions is improper. Turner respectfully requests the Court to deny NAICO's motion *in limine* to exclude Michael Murphy, as NAICO's motion is based solely on false statements of fact and assumptions of scheduling standards and law.

Dated: September 14, 2004          PECKAR & ABRAMSON, P.C.

By: /s/ Raymond M. Buddie /s/
Raymond M. Buddie, Esq.
Attorneys for Plaintiff,
Turner Construction Company

LAW OFFICES
Peckar & Abramson
A Professional Corporation

TURNER CONSTRUCTION COMPANY'S OPPOSITION TO NAICO'S MOTION *IN LIMINE* TO EXCLUDE SCHEDULE EXPERT MICHAEL MURPHY - CV 03-01227 SBA
14

34860.01/09/14/04